UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ALAN TAYLOR #120631,

      Plaintiff,

v.                                            Case No. 2:17-cv-85
                                            HON. JANET T. NEFF

TIMOTHY ROSS and
JAMES LUMSDEN,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner David Alan Taylor pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Timothy Ross and James Lumsden wrote several misconduct tickets on him in retaliation for filing lawsuits and grievances. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).  (ECF No. 32). Plaintiff has responded.  (ECF No. 37).  This matter is ready for decision.

The claims in this case arise from a series of events that occurred while Plaintiff was confined at the Chippewa Correctional Facility (URF).  Plaintiff alleges that on May 19, 2016, Defendant Ross wrote a Class III misconduct on Plaintiff for being "covered up" during the morning count. When Plaintiff asked Defendant Ross why he had written the ticket, Defendant Ross told him that he would continue to write tickets if Plaintiff kept filing lawsuits. Plaintiff pled guilty to the misconduct and was sanctioned three days toplock. Later that same day, Defendant Ross wrote a Class II misconduct on Plaintiff for "Interfering with the Administration of Rules." According to the ticket, Plaintiff approached Defendant Ross and asked, "why are you always writing tickets on me?" Defendant Ross told Plaintiff that if he continued to break the rules he

would continue to receive tickets. Plaintiff then said, "that's alright I'll just put paper in on you." Plaintiff was ultimately found not guilty of this ticket.

On September 18, 2016, Defendant Ross wrote a Class I misconduct on Plaintiff for sexual misconduct. According to the ticket, Plaintiff was masturbating without attempting to cover himself up during count. A hearing was held on the misconduct and Plaintiff was found guilty and sanctioned thirty days loss of privileges. Although he sought to appeal the misconduct conviction, Plaintiff claims that he was not provided with the appeal packet.

On November 19, 2016, Defendant Ross wrote another Class III misconduct on Plaintiff for being out of place. According to the ticket, Plaintiff was in the hallway outside the bathroom during count. Plaintiff was found guilty of the misconduct. Plaintiff filed a grievance asserting that that the security camera would have established that the ticket was false.

On December 14, 2016, Defendant Lumsden searched Plaintiff's cell and found a Bic razor under Plaintiff's locker. After finding the razor, Defendant Lumsden wrote a Class I misconduct on Plaintiff for possession of dangerous contraband. Plaintiff was found guilty of the misconduct and his request for a rehearing was denied.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be

viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones*, Inc., 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); cf. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff asserts retaliation claims against Defendants Ross and Lumsden. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy Cty Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendants first argue that Plaintiff was not engaged in protected conduct. It is well-established that "[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Defendants contend, however, that because Plaintiff was violating prison rules, he was not engaged in protected conduct. A similar argument was advanced in *Maben v. Thelan*, 887 F.3d 252, 266 (6th Cir. 2018). There, the Sixth Circuit acknowledged that it had "previously said that 'if a prisoner violates a legitimate prison regulation, he is not engaged in protected conduct, and cannot proceed beyond step one.'" *Id.* (citing *Thaddeus–X*, 175 F.3d at 395). But the Sixth Circuit determined that, at the summary judgment stage, the inmate's sworn statement that he was not violating prison rules was sufficient to preclude summary judgment. *Id.* The Sixth Circuit concluded that "[the defendant] appears to argue only that his version of events is true, and [the inmate's] is false, which he cannot do at this stage." *Id.*

In this case, there are five misconduct tickets at issue. Plaintiff has submitted several declarations in which he states that he was not violating any prison rules. However, Plaintiff pled guilty to two of the misconducts—the first misconduct on May 19, 2016, and the misconduct on November 19, 2016. Thus, Plaintiff has already admitted to violating the prison rules on those two misconducts. *See Maben*, 887 F.3d at 262 ("Guilt of misconduct may be relevant summary judgment evidence within that framework, but it does not automatically bar a plaintiff's claim."). Plaintiff argues that he was coerced into pleading guilty to those two misconduct tickets. He contends that the hearing process is "one-sided" and that inmates automatically are found guilty. He states that "if an inmate pleds [sic] guilty he gets 5 days top lock (confined to the cell 24 hours a day), if he chooses to have a hearing he will be found guilty automatically and will receive both 5 days top lock plus 15 days loss privileges." (PageID.402-403). But the record does

not support Plaintiff's argument. Out of the five misconducts, Plaintiff pled guilty to only two. He pled not guilty to the other three and was found guilty on only two of those. Thus, the hearing process is not as one-sided as Plaintiff suggests. In the opinion of the undersigned, Plaintiff was not engaged in protected conduct with respect to the two misconducts that he admitted to violating the prison rules.

In addition, Plaintiff's retaliation claim against Defendant Lumsden should be dismissed. Federal courts have recognized that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). With respect to the causation element, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004). Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)).

In this case, Plaintiff offers only conclusory allegations of retaliation against Defendant Lumsden. The record establishes that Plaintiff never filed a grievance against Defendant Lumsden. In fact, prior to finding the razor, Plaintiff and Defendant Lumsden did not have any interactions because Defendant Lumsden only recently began working in Plaintiff's unit. Instead, Plaintiff claims that Defendant Lumsden was retaliating for grievances that Plaintiff filed against Defendant Ross. However, Plaintiff has not presented any admissible evidence to establish

that Defendant Lumsden knew about any of those grievances. Further, Plaintiff did not even allege that Defendant Lumsden planted the razor out of retaliation in his initial "Defense Statement" dated December 14, 2016. (PageID.320). It was not until two days later that Plaintiff alleged that Defendant Lumsden may have planted the razor. (PageID.321).

Plaintiff also attempts to show that Defendant Lumsden retaliated against him through the declarations of fellow inmates. However, these declarations do not offer much help to Plaintiff because they contain inadmissible hearsay and/or broad unsupported statements. For example, in one such declaration, James Coleman stated: "Officer Lumsden is well-known for setting prisoners up with homemade knifes and other forms of contraband." (PageID.364).

In addition, contrary to Plaintiff's argument, the temporarily proximity does not create an inference of a causal connection between the protected conduct and the adverse action. "The Sixth Circuit has held that a temporal proximity of 'two to five months' between protected conduct and adverse action is insufficient to satisfy the causation element on its own." *Shoults v. White*, 2018 WL 4761659, at *3 (W.D. Ky. 2018) (citing *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999)). In *Coulson v. The Goodyear Tire & Rubber Co.*, 31 F. App'x. 851, 858-59 (6th Cir., Mar. 14, 2002), the Sixth Circuit found that "less than three weeks" between the protected conduct and the adverse action did not "create a permissible inference of causation." As stated above, Plaintiff never filed a grievance against Defendant Lumsden prior to finding the razor. Plaintiff filed his first grievance against Defendant Ross in May 2016. Defendant Lumsden found the razor in Plaintiff's cell on December 14, 2016. Thus, approximately seven months had passed since Plaintiff first filed a grievance against Defendant Ross and Defendant Lumsden finding the razor in his cell. It is true that Plaintiff filed additional grievances against Defendant Ross over the next several months, but it appears that the last grievance was filed on November 24, 2016.

Thus, Plaintiff's most recently filed grievance against Defendant Ross was almost three weeks before Defendant Lumsden found the razor in his cell. In the opinion of the undersigned, Defendant Lumsden is entitled to summary judgment on the retaliation claim based on December 14, 2016 misconduct.

Defendants also argue that they are entitled to sovereign immunity pursuant to the Eleventh Amendment. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment, however, does not preclude suits against state defendants for prospective injunctive relief. *See Ex parte Young*, 209 U.S. 123 (1908). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Thus, to the extent Plaintiff asserts any of his claims for money damages against Defendants in their official capacities, those claims should be dismissed.

Finally, the undersigned notes that Plaintiff alleges in his complaint that he was issued a false misconduct on December 12, 2016. Plaintiff never identified who wrote the misconduct. In their motion for summary judgment, Defendants state that there is no record of Plaintiff receiving a misconduct on December 12, 2016. To support this assertion, Defendants attached a report showing every misconduct Plaintiff received during the relevant time period. In response, Plaintiff states: "This misconduct is disregarded." It is not clear whether Plaintiff is voluntarily dismissing this claim. Nonetheless, Plaintiff has not presented any evidence to establish

that he received a misconduct on December 12, 2016. Therefore, to the extent Plaintiff is asserting a claim based on a misconduct written December 12, 2016, the undersigned recommends that the claim should be dismissed.

Accordingly, it is recommended that Defendants' motion for summary judgment (ECF No. 32) be granted in part and denied in part. In the opinion of the undersigned, the Court should grant summary judgment to Defendant Ross on the retaliation claims stemming from the first misconduct on May 19, 2016, and the misconduct on November 19, 2016. In addition, the Court should grant summary judgment to Defendant Lumsden on the retaliation claim stemming from the December 14, 2016 misconduct. Therefore, Defendant Lumsden should be dismissed from this case. Plaintiff's remaining claims in this case should be (1) Defendant Ross retaliated against him when he issued the second misconduct on May 19, 2016, and (2) Defendant Ross retaliated against him when he issued the misconduct on September 18, 2016.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: January 23, 2019

                                                /s/ Timothy P. Greeley  
                                                TIMOTHY P. GREELEY  
                                                UNITED STATES MAGISTRATE JUDGE