UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALAN TAYLOR,

    Plaintiff,

v.

JEFFREY WOODS, et al.,

    Defendants.
_____/

Case No. 2:17-cv-85

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The only claims remaining in the case are Plaintiff's First Amendment retaliation claims against Defendants Timothy Ross and James Lumsden. Defendants Ross and Lumsden filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part the motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents five objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff challenges the Magistrate Judge's analysis of the protected conduct element of his retaliation claim. Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff was

not engaged in protected conduct with regard to the two misconduct charges to which he pleaded guilty (Pl. Obj., ECF No. 48 at PageID.445). Plaintiff emphasizes that he was "coerced" into pleading guilty to the misconducts and argues that, under the case law, "[a] coerced guilty plea for a minor misconduct should not 'automatically bar a plaintiff's [retaliatory] claim" (*id.* at PageID.446, quoting *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018)).

Plaintiff's objection is properly denied. The Sixth Circuit in *Maben* more precisely held that "[a] *finding of guilt* at a prison misconduct hearing does not act as an absolute bar to a prisoner's First Amendment retaliation claim." 887 F.3d at 262 (emphasis added). Further, the Sixth Circuit expressly recognized that "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct'…." *Id.* at 266 (citation omitted). Although Plaintiff argues that he was "coerced" into admitting he violated prison regulations by the threat of "more severe sanctions," that is the nature of every plea. As the Supreme Court has stated, "confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, [but] the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973)). Accordingly, Plaintiff's argument demonstrates no error in the Magistrate Judge's holding that "Plaintiff was not engaged in protected conduct with respect to the two misconducts that he admitted to violating the prison rules" (R&R, ECF No. 47 at PageID.441).

Second, Plaintiff argues that the Magistrate Judge "overlook[ed] the intimidating and retaliatory statements made by Defendant Ross on said first May 19th, 2016 minor misconduct," statements Plaintiff opines are "certainly an indication that Ross was retaliating against Plaintiff,

despite Plaintiff's coerced guilty plea" (Pl. Obj., ECF No. 48 at PageID.446). Again, for the reasons previously stated, Plaintiff's argument demonstrates no error in the Magistrate Judge's holding that Plaintiff was not engaged in protected conduct with respect to the misconducts to which he pleaded guilty. Plaintiff's second objection is properly denied.

Third, Plaintiff challenges the Magistrate Judge's statement that the "hearing process is not as one-sided as Plaintiff suggests" (Pl. Obj., ECF No. 48 at PageID.446; R&R, ECF No. 47 at PageID.441). According to Plaintiff, "[b]oth Ross and Lumsden are well-known for being very vindictive towards inmates to say the least" (Pl. Obj., ECF No. 48 at PageID.447). Plaintiff's objection is properly denied. The Magistrate Judge's statement was merely an observation about the fact that Plaintiff was found guilty of only two of the three misconducts to which he did not enter a guilty plea. Further, Plaintiff's challenge to this observation by the Magistrate Judge fails to demonstrate any error in the Magistrate Judge's ultimate holding.

Fourth, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's retaliation claim against Defendant Lumsden should be dismissed because Plaintiff made only "conclusory allegations of retaliation against Defendant Lumsden" (Pl. Obj., ECF No. 48 at PageID.447; R&R, ECF No. 47 at PageID.441). Plaintiff argues that the Magistrate Judge "overlooked" (1) "the fact that Lumsden made retaliatory comments toward Plaintiff when Plaintiff was being reviewed on the Class I major misconduct," (2) Plaintiff's "handwritten diagram showing how his wall locker was securely bolted to the wall," and (3) that Plaintiff "alluded" in his Verified Complaint to his contention that "Lumsden planted the razor" behind the locker (Pl. Obj., ECF No. 48 at PageID.447-448). According to Plaintiff, the Magistrate Judge was "splitting hairs by being far too strict and unreasonable" (*id.* at PageID.448).

Plaintiff's objection is properly denied.

3

"The summary judgment hurdle is not insubstantial." *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999). As observed by the Magistrate Judge, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken (R&R, ECF No. 47 at PageID.441, quoting *Thaddeus-X*, 175 F.3d at 399 (citations omitted)). Plaintiff's objection, which itself delineates only conclusory allegations, does not serve to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Plaintiff's objection is properly denied.

Last, regarding the Magistrate Judge's recommendation that "to the extent Plaintiff asserts any of his claims for money damages against Defendants in their official capacities, those claims should be dismissed" (R&R, ECF No. 47 at PageID.443), Plaintiff indicates that "the Eleventh Amendment does not apply" because "Defendants Ross and Lumsden …are being sued in their <u>individual</u> capacities" (Pl. Obj., ECF No. 48 at PageID.448 [emphasis in original]). Hence, Plaintiff's "objection" is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 32) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation. Specifically, summary judgment is GRANTED to Defendant Ross on the retaliation claims stemming from the first misconduct on May 19, 2016, and the misconduct on November 19, 2016; summary judgment is GRANTED to Defendant Lumsden on the retaliation claim stemming from the December 14, 2016 misconduct, and Defendant Lumsden is DISMISSED from this case; and summary judgment is DENIED on Plaintiff's remaining claims in this case that (1) Defendant Ross retaliated against him when he issued the second misconduct on May 19, 2016, and (2) Defendant Ross retaliated against him when he issued the misconduct on September 18, 2016.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: March 13, 2019                      /s/ Janet T. Neff
                                                                             JANET T. NEFF
                                                                             United States District Judge